Good morning, Your Honor. Christopher Cook for the Appellate's Steven Myers and Myers Engineering International. I thought I would first address the jurisdictional issue that the Court raised in a communication to counsel and the parties a few weeks ago. The jurisdictional issue I assume the Court is focusing on is the issue about the amount of controversy and whether the allegations in the complaint adequately support diversity jurisdiction for a dispute that involves an amount of controversy in excess of $75,000. This issue was addressed at the district court level by Judge Fogle in his decision on September 30, 2011. The gist of it is this. Although Snyder v. Harris, which is the U.S. Supreme Court case, that says that normally individual plaintiff's claims cannot be aggregated to meet the amount of controversy requirement, there's an exception to that rule where the plaintiffs seek recovery from a single and undivided right or property. And here that's precisely what happened. For the pretty much the same reasons that the district court agreed with us that the claims in the complaint were derivative claims that belonged to this corporation, Vordis Technologies Limited, much the same reason the district court denied our motion to dismiss, based on lack of subject matter jurisdiction, finding that the technology itself is what satisfies the amount of controversy. They alleged in their complaint that the technology was worth 1.2 million pounds. So they said a bid that Mike Knight submitted of 12,000 pounds. Scalia. Counsel, I think the issue here is not amount of controversy, but diversity. Is the assertion that the plaintiff was a, quote, resident, unquote, sufficient to establish diversity? Okay. I'm sorry. I didn't understand which part of diversity jurisdiction you were looking at. The district court also addressed that. The plaintiff, that allegation wouldn't be sufficient on its own, but the district court did find that the plaintiffs were citizens, 14 of them were citizens of California and five were citizens of other States other than Florida. My client, Dr. Myers, and his company were citizens of Florida. So that's also set forth in Judge Vogel's opinion, I believe at pages 4, 5, and 6. That was issued on September 30th, 2011. Okay. Is that enough? Doesn't the complaint have to allege diversity, complete diversity? It does. And they also had a proposed First Amendment complaint. And the district court denied our motion to dismiss on this basis and it hasn't been challenged on appeal. And I understand the court has an independent obligation to look at diversity jurisdiction or whether it exists. But it is in the record that there was complete diversity because this lawsuit was of citizens of different States. Well, does it really matter so long as we're dealing here with a collateral order? I take it Your Honor is referring to the Moore v. Permanente Medical Group case. That case does hold that issues about attorney's fees are collateral to the jurisdiction of the district court. In that case, I believe it was a removal case, but it was removed based upon purported diversity jurisdiction was found to be lacking. So, Your Honor, it's correct that this Court still has jurisdiction to consider our appeal on the attorney's fees issue. I guess my question is whether a shareholder derivative suit is an action on the contract. Well, the attorney to the attorney's fees issue. An action on the contract is defined under 1717 as an action that seeks relief upon a contract. The claim in the original complaint and in the proposed First Amendment complaint was for breach of that contract, the technology assignment agreement, which contained the attorney's fees provision. So it is an action on the contract. The issue that the district court held was apparently that there were no prevailing parties because the lawsuit had been dismissed at an early stage based upon their inability to bring derivative claims on behalf of Bordas under English law and under California law with respect to the contract. So the fact that this is a shareholder derivative suit shouldn't have any significance or bearing or difference in the typical types of claims that are brought under Section 1717? It should not, Your Honor. In fact, one of the cases we cite is a shareholder derivative suit. It's called the Brusso case. And there the defendant was the prevailing party in an action initiated by shareholders of Running Springs Country Club, was found to be the prevailing party in the action on the contract, which in that case was a stock purchase agreement. So if you look at the statute, 1717, and how it's been construed by the California Supreme Court in the Sue case, it says who gets the greater relief in the action. In our case, it's very simple. We had a judgment on every claim asserted in the original complaint, and the court denied them leave to assert a First Amendment complaint to proceed on the contract claim on behalf of Bordas. So I don't have anything further adequately, I think, to address this in the briefing. If Your Honors have any other questions, I'm happy to do that. Or I would like to reserve a few minutes for rebuttal. Okay.  Thank you. All here for opposing counsel. Good morning, Your Honors. I'm James R. Johnson, Pro Se, representing Bordas Meyers Johnson Inc. and the 17 shareholders who filed this action, along with 39 other shareholders that were part of a rules of engagement. I prepared a statement for you, but I'd rather just sort of talk a bit about it. I do agree that this matter is strictly about whether or not a sitting judge also could use discretion in looking at the merits of the case, as opposed to being directed by 1717. And specifically, where California law does state that the judge has discretion on these matters. This is about a derivative action versus an individual action, and therefore, as Judge Alsop stated, it's similar to a class action state. And we do understand that there are some limitations in the citations in deciding a derivative action, and that it is left up to the judge in deciding whether or not there was a decision of use of discretion. In this matter, there's two companies, there's two countries, there's 39 shareholders. Where in 1717 do you see the language of discretion? Whereas the statute gives discretion to the judge in finding no prevailing party. What line are you looking at? What section are you looking at? Oh, excuse me. Forgive me, Your Honor. I don't have that in front of me right now, but in my reading and interpretation, I saw that there was. So you don't have section 1717 in front of you? No, sir. Maybe you should have hired a lawyer. I beg your pardon? Maybe you should have hired a lawyer. Well, I did read the section. You said the statute is discretionary. I don't see it. I'm looking at the section. The statute gives discretionary rights to the judge also to decide. It doesn't say so. It says shall award either to one of the parties or to the prevailing party. I mean, it's shall be awarded. You know, it seems to be mandatory. There's a discussion in that about the prevailing party. And this is what I'm focused on. The party prevailing on the contract shall be the party who recovered the greater relief in the action to be on the contract. The court may also determine that there is no party prevailing on the contract or purpose of this section. This is section B2 of 1717. It's about halfway down the page. Go down the page. It gives discretion to judge also. Okay. Where? Deciding prevailing party. Where? I'm caught without the codes right now. Well, then we have to sort of, if it's not discretionary, then I'll see what your argument is. I have basically relied on the fact that at the end of the day, when the sitting judge looks at the merits of the case, that California does give the judge the final word on the deciding of the prevailing party. Did you prevail on the interpretation? When the judge also is. That's your question. Did you prevail? I mean, did you get partial relief? Did you get something? The shareholders have absolutely been relieved in bringing this matter to the U.S.  What does that mean, relieved? But in addition to that, the prevailing party can be determined as no prevailing party by Judge Olson. He can decide who is the prevailing party based on the statute, but also he can decide that there is no. How do you, since your side got nothing at all and they got the case dismissed, how is it? Well, with the California corporate codes and business and professional codes in California, although the Scottish company was liquidated, the subsidiary and the assets that remained in the subsidiary remain in the California company, of which shareholders have remedied towards that. In addition, the allegations in here warrant some sort of an additional relief in view. Okay. Thank you. I assume you don't have any rebuttal. Very brief rebuttal. 1717 is imposed as a mandatory duty on the Court to award attorney fees once it makes the determination as to who is the prevailing party.  And what language are you relying on when you say that? Okay. It says in 1717a, in an action, in any action on a contract, then the party who is determined, and I'm skipping over a couple of languages, and the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to other costs. So there's kind of a two-step process. Is there a prevailing party? The Court has to make that determination. If there's a prevailing party, the Court makes the determination about what is reasonable for the attorney's fees as part of the cost of suit. But the statute and the suit case from the California Supreme Court talks about this. It's essentially there's – there has to be a prevailing party. You can't say there's no prevailing party. It's either the defendant who had a judgment entered in their favor, which used to be the standard, but it was a more of a lax standard when the statute was amended in the 1980s. It's certainly not the plaintiff, because there was no – there was no relief granted to the plaintiff in this case. I don't have anything further to add. Thank you. Roberts. Thank you. It's over. No, you understand. You've had your time. Thank you. The case is argued and stands submitted. We're adjourned.
judges: Kozinski, O'scannlain, Murguia